IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JANICE KAY LACY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-091-O-BP |
| | § | |
| MANN + HUMMEL/ | § | |
| AIR FILTRATION AMERICAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Brief in Support filed by Defendant Mann+Hummel/Air Filtration Americas ("Mann") on August 21, 2024 (ECF No. 24). Plaintiff Janice Lacy ("Lacy") has not filed a response to the Motion. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion, **DISMISS** Lacy's Title VII and ADEA claims **with prejudice**, and **DISMISS** Lacy's state law claims **without prejudice**.

I.     **BACKGROUND**

Lacy, a 66-year-old African American woman, claims that Mann violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and state equivalents to these federal laws for racial and age discrimination and retaliation arising from her termination of employment. ECF No. 21. Additionally, Lacy alleges that Mann's human relations department ("HR") was negligent in failing to follow its own policies. *Id.* She further alleges that she experienced "instances of racial discrimination and age-based discrimination" in

the workplace, and subsequently reported these complaints to HR in November 2022. ECF No. 21 at 2.

Lacy details one incident on December 3, 2022, in which she allegedly placed her hand on another employee's rag as an example as to "what needed to be cleaned." ECF No. 21 at 3. According to Lacy, this employee complained that she had touched her, and HR suspended Lacy on the same day as a result. ECF No. 21 at 3. Someone from Mann called her on December 12, 2022, and informed her via voicemail that she was terminated. ECF Nos. 1 at 4, 4, 21 at 2.

In her Charge of Discrimination ("Charge") submitted to the Equal Employment Opportunity Commission ("EEOC"), Lacy states that she received a voicemail terminating her on December 12, 2022, but she also states that she was terminated on December 18, 2022. *See* ECF No. 1 at 3-4. Lacy signed this Charge on October 12, 2023, and the EEOC received it on October 14, 2023. ECF No. 1 at 3. Lacy received the EEOC Determination and Notice of Rights letter ("Notice") issued on October 30, 2023, and she filed this action on January 26, 2024.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A statute of limitations may support dismissal under Rule 12(b)(6) when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### B.  *Pro se* parties

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825–26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone et al.*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017).

### C.  Dismissal with or without prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state

a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss an action with prejudice without affording plaintiff the chance to amend where the court invited the plaintiff to respond to the motion to dismiss, but she failed to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2-3 (N.D. Tex. Feb. 13, 2001) (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)). Moreover, courts may dismiss an action with prejudice without permitting amendment if the defendant is entitled to absolute immunity because the "plaintiff will never have a claim against the defendant based on the particular facts alleged." *Boyd*

4

*v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

### D.   Supplemental jurisdiction standard

When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367). But a district court may "decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." *Alford v. State Parking Servs.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D. Tex. Dec. 10, 2014) (*see also* 28 U.S.C. § 1367(c)(3)).

## III.   ANALYSIS

### A.   Lacy did not timely file a charge with the EEOC.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Administrative exhaustion "occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue," *id.* at 379, or when they "file[] a timely charge with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

A plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged incident of discrimination or risk dismissal of her claims. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979) (holding that because plaintiff did not file a complaint with the EEOC within 180 days, her suit was time barred under 42 U.S.C. s 2000e-5(e) and was properly dismissed for want of jurisdiction). However, if the discriminatory practice occurred in a state with a fair employment agency that grants relief, Title VII permits the complainant to file her

5

charge with the state or local agency. *Fort Bend Cnty.*, *Tex.* v. *Davis*, 587 U.S. 541, 543-544 (2019). The complainant then has 300 days following the challenged practice, or 30 days after receiving notice that state or local proceedings have ended, whichever is earlier, to file a charge with the EEOC. *Id*. Similarly, the Age Discrimination in Employment Act ("ADEA") limitations period is effectively 300 days like a Title VII time bar. *See Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 384 (5th Cir. 2002) (stating that "employee's ADEA claims are normally time-barred if the employee fails to file an age discrimination charge with the EEOC within 300 days from the date of the unlawful employment practice.").

Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008). A plaintiff must exhaust her available remedies "before seeking judicial relief" *Id*. at 273. A plaintiff's *pro se* status does not alter the analysis or otherwise turn this requirement into a suggestion. *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983); *Taylor*, 296 F.3d at 378-79; *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997).

In cases involving indefinite suspensions that ultimately lead to the employee being terminated, the deadline for filing a charge of discrimination with the EEOC "will commence when the employee receives unequivocal notice of termination or when a reasonable person would know of the termination." *Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 588 (5th Cir.1995); *see also Del. State Coll. v. Ricks,* 449 U.S. 250, 261 (1980). This requirement "reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones." *Id.* at 260. Applying this standard, the court in *Ricks* determined that the operative event for the running of the EEOC filing

deadline was when the plaintiff learned that the defendant was denying her tenure, not when her appeal of that denial was decided. *Id.*

Mann suspended Lacy on December 3, 2022 and terminated her on December 12, 2022. ECF No. 21 at 3-4. Though it is unclear from the Charge what Lacy means when she says she was terminated on or about December 18, 2022, Lacy learned of her termination on December 12, 2022, through a voicemail left on her cellphone according to her own Amended Complaint. *See* ECF No. 21 at 4. This notice was "unequivocal notice of [] termination." *Burfield,* 51 F.3d at 588. As a result, December 12, 2022, is the last date of any possible discriminatory conduct against Lacy and the date from which the statute of limitations on her claims began.

Because the alleged incident occurred in Texas, which has a state fair employment agency that grants relief to remedy employment discrimination, Lacy had until October 8, 2023, to file her charge with the EEOC, which was 300 days after the date Mann terminated her employment. *See Mennor v. Fort Hood Nat. Bank*, 829 F.2d 553, 554-55 (5th Cir. 1987) (holding that the Texas Commission on Human Rights [now the Texas Workforce Commission] is a state agency with authority to grant relief for unlawful employment practices). Lacy, however, did not file the Charge with the EEOC until October 14, 2023, 306 days after any alleged discriminatory act could have occurred. ECF No. 1 at 3. Therefore, Lacy's Title VII and ADEA claims are time-barred absent any tolling exceptions.

Despite Lacy's failure to file her charge of discrimination within the 300-day period, her Title VII and ADEA claims are not time-barred if equitable principles operate to preserve them. Filing a timely charge of discrimination with the EEOC, like a statute of limitations, is subject to equitable doctrines such as estoppel and equitable tolling. *Zipes v. Trans World Airline, Inc.*, 455

7

U.S. 385, 393 (1982) (footnote omitted). The courts are to apply such doctrines sparingly. *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002).

Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has described at least three bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [her] rights." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). The party seeking to toll limitations has the burden of proving the need for tolling. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2000).

Lacy has not alleged any facts to suggest that any of the three bases for equitable tolling apply in her case. To satisfy the first basis for tolling, the Fifth Circuit has held that it arises only in "the rare case when the parties have been litigating an action in state court, but they later discover that they chose the wrong forum under state law." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Here, Lacy does not claim that the pendency of a parallel state proceeding delayed her in filing her Charge with the EEOC.

The most common basis for tolling is the second scenario — "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting [her] rights." *Teemac*, 298 F.3d at 454 (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). Employer misconduct does not justify equitable tolling if the plaintiff knew of her rights. *Clark v. Resistoflex Co.*, 854 F.2d 762, 767-68 (5th Cir. 1988). Lacy does not allege that Mann attempted to conceal any facts surrounding her claim or prevented her from asserting her rights. As a result, the second basis for tolling does not apply in this case.

8

To secure tolling under the third basis, Lacy must show that the EEOC provided information that was "affirmatively wrong." *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). Lacy does not claim that the EEOC provided her any information prior to filing her claim, let alone any information that was "affirmatively wrong." Accordingly, Lacy has not established that she is entitled to equitable tolling.

Lacy also has not stated any facts that would equitably estop Mann from asserting the limitations period for filing a charge of discrimination. "Equitable estoppel … examines the defendant's conduct and the extent to which the plaintiff has been induced to refrain from exercising [her] rights." *Clark*, 854 F.2d at 769 n.4 (quoting *Felty v. Graves-Humphreys*, 785 F.2d 516, 519 (4th Cir.1986)). "The doctrine may properly be invoked when the employee's untimeliness in filing her charge results from either the employer's deliberate design to delay the filing or actions that the employer should unmistakably have understood would result in the employee's delay." *Clark*, 854 F.2d at 769 (internal quotations and citations omitted). Lacy does not claim that Mann prevented her from exercising her rights. She concedes that Mann notified her by a voicemail message left on her cellular telephone on December 12, 2022, that she was terminated. *See* ECF Nos. 1 at 3-4, 21 at 4. She does not allege that Mann either prevented her from filing a charge with the EEOC or withheld relevant information from her.

Lacy did not file her Charge with the EEOC in a timely manner. Nor did not plead facts to show that her Charge was subject to equitable tolling, or that Mann should be equitably estopped from enforcing the filing deadline. Therefore, since Lacy's termination occurred more than 300 days before she filed her Charge with the EEOC, Judge O'Connor should dismiss Lacy's Title VII and ADEA claims for race and age discrimination and retaliation as time barred.

Ordinarily, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor,* 127 F.3d at 478; *Story v. Gibson*, 896 F.3d 693, 698 n.2 (5th Cir. 2018); *Crawford v. Tex. Army Nat'l Guard,* 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)). However, dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Accordingly, Judge O'Connor should dismiss Lacy's Title VII claims with prejudice since further amendment could not cure the untimeliness of her claims.

**B.    Even if Lacy had timely filed her Charge, she has not pleaded sufficient facts to state a claim for race discrimination or a violation of the ADEA.**

**1.    Lacy does not sufficiently plead a claim of racial discrimination.**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against "any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . .." 42 U.S.C. § 2000e-2(a)(1). Liability for race discrimination under Title VII requires a showing of "disparate treatment," meaning it "depends on whether the protected trait actually motivated the employer's decision." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212 (2015). "A plaintiff can prove disparate treatment either (1) by direct evidence that a workplace . . . decision relied expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas*." *Id.* at 330 (citation omitted). Under this framework, a plaintiff must establish a *prima facie* case of discrimination by showing that

10

> (1) [s]he is a member of a protected class, (2) [s]he was qualified for the position at issue, (3) [s]he was the subject of an adverse employment action, and (4) [s]he was treated less favorably because of [her] membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Id.* (citation omitted). Nevertheless, it is not necessary

> for a plaintiff to "make out a *prima facie* case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Indeed, the Supreme Court has cautioned that "the *prima facie* case should not be transposed into a rigid pleading standard for discrimination" cases. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). That being said, "[a]llegations related to that *prima facie* inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., LLC*, 668 F. App'x 133, 134 (5th Cir. 2016) (citation omitted).

*Davis v. Matagorda Cty.*, No. 3:18-cv-00188, 2019 WL 1015341, at *8 (S.D. Tex. Mar. 4, 2019).

When analyzing a Title VII claim under the *McDonnell Douglas* framework,

> [t]he employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.

*Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009).

If the plaintiff successfully establishes a *prima facie* case of discrimination, "the burden then shifts to the employer to produce evidence that its actions were justified by a legitimate, nondiscriminatory reason." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002). Then, the plaintiff has the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant" were a mere pretext for discrimination. *Id.* (citation and internal quotation marks omitted). The plaintiff may alternatively prove that the employer's

reasons were not the only reasons for its conduct, and the plaintiff's protected characteristic was another "motivating factor." *Id.* (citation omitted).

Here, Lacy does not allege disparate treatment by pleading facts to support a claim that Mann terminated her due to her race. So, the Court will analyze her claim under the *McDonnell Douglas* burden-shifting framework, using the requirements for a *prima facie* case as a guide for whether Lacy's Amended Complaint meets the *Twombly/Iqbal* pleading standard. *See Davis*, 2019 WL 1015341 at *8.

Though Lacy states facts to show the first three elements of a *prima facie* case for discrimination, she does not sufficiently plead the fourth element requiring a demonstration of Mann's unequal treatment because of her protected class. Mann does not dispute that Lacy is a member of a protected group since she is an African American woman or that it terminated her employment. Lacy alleges that she was qualified for the position at issue, stating that she "did apply and was promoted to Lead. She had no writeups at this time nor when she was terminated." ECF No. 21 at 2. Mann terminated Lacy, which was an adverse employment action. However, Lacy has not pleaded facts to show that Mann treated her less favorably than other similarly situated employees outside the protected groups. Her only attempt to show unequal treatment is her allegation that both stated reasons for termination were false, and that "[HR] failed to conduct a proper investigation, if any." ECF Nos. 21 at 2, 1 at 4. Standing alone, these allegations are not enough to show disparate treatment. Lacy does not plead any facts to show that Mann did not terminate a non-African American woman under nearly identical circumstances. Instead, she merely concludes without any factual description that Mann's termination was racially motivated.

Even considering the Supreme Court's mandate against converting the *prima facie* case from a "flexible evidentiary standard" into a "rigid pleading standard for discrimination cases,"

Lacy does not offer sufficient factual allegations to support an argument that her race motivated Mann to terminate her employment. *Swierkiewicz*, 534 U.S. at 512. While she alleged that other employees referred to her using "racial slurs" including "old black b****" (ECF No. 21 at 3), Lacy did not plead any facts to show that Mann fired her due to the same sort of discriminatory animus. Simply stating in conclusory fashion that she "was unjustly terminated on a pretext" without pleading any supporting facts does not establish Mann's discriminatory intent. ECF No. 21 at 4. Thus, Lacy's assertions that Mann fired her because of her race are conclusory, speculative, and lack enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Lacy only pleads facts to support three of the four elements required to state a Title VII claim of racial discrimination, she does not satisfy the Rule 12(b)(6) pleading standard.

### 2. Lacy does not state a claim under the ADEA.

The ADEA makes it "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA's prohibitions against age discrimination in employment are subject to several exceptions set forth in 29 U.S.C. § 623(f). Under one of these exceptions, an employer can avoid liability under the ADEA if the adverse employment action is "based on reasonable factors other than age." *Id*. at § 623(f)(1). When a plaintiff states a claim of discrimination under the ADEA, she must allege the following *prima facie* case of discrimination by showing that

> (1) [s]he is a member of a protected group, (2) [s]he was qualified for the position at issue, (3) [s]he was discharged or suffered some adverse employment action by the employer; and (4) [s]he was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated outside the protected group.

13

*McCoy v. City of Shreveport*, 492 F.3d at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)). However, to state a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff is not required to submit evidence of discrimination. *See Raj*, 714 F.3d at 331. Nevertheless, she "[must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

If a plaintiff's disparate treatment claim depends on circumstantial evidence, she will "ultimately have to show" that she can satisfy the *McDonnell Douglas* framework as discussed above. *Id.* To make out a *prima facie* case under the ADEA, the plaintiff must show that (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of age. *Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 309 (5th Cir. 2004) (citations and internal quotation marks omitted). After showing these elements, the burden shifts just like a Title VII race discrimination claim discussed above. *See Tyler*, 304 F.3d at 395.

As with her racial discrimination and retaliation claims, Lacy fails to establish the final element of a *prima facie* case required under the ADEA. Here, Lacy's Amended Complaint is devoid of any allegations that support a cause of action for age discrimination. She does not demonstrate that Mann replaced her, and she does not demonstrate Mann terminated her due to her age. Lacy alleges that Mann terminated based on her age after she made complaints to HR. ECF No. 21 at 2. In the Charge, she states her belief that the stated reasons for termination are "false and inaccurate," but she does not allege facts showing that Mann terminated her because of

her age. ECF No. 1 at 4. These claims, without supporting facts, are insufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### C. The Court should decline to exercise supplemental jurisdiction over Lacy's state law claims.

Finally, Lacy alleges that Mann retaliated against her in violation of the state equivalent to Title VII, and that Mann was negligent for failing to follow its own policies. ECF No. 21 at 5. Although the Court has federal question jurisdiction over Lacy's claims for violation of Title VII and the ADEA, the Court only has supplemental jurisdiction over her remaining claims because the parties do not appear to have diversity of citizenship and no other ground of subject matter jurisdiction exists on the facts alleged. Lacy's claims under state law do not raise any issue of federal law. Accordingly, the Court should decline to exercise supplemental jurisdiction over these claims and instead dismiss them without prejudice to Lacy's right to bring them in an appropriate state court. *See Pennie*, 225 F. Supp. 3d at 677 n.5.

## IV. CONCLUSION

Because Lacy did not timely assert her claims under Title VII and the ADEA, and because she failed to state a claim upon which the Court can grant relief for race and age discrimination and retaliation, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Mann's Motion to Dismiss (ECF No. 24) and **DISMISS** Lacy's Title VII and ADEA claims **with prejudice**. After dismissing Lacy's federal law claims, Judge O'Connor should **DISMISS** Lacy's state law claims **without prejudice**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on October 11, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE